[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on November 1, 1993. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
Claimant, now deceased, was the nephew of Luigi Cerrone, also deceased, who, claimant alleged in 1991, was the owner of two passbook savings accounts at County Loan and Finance the predecessor of Heritage. Based on an Estate Tax Return filed with the Rhode Island Division of Taxation on September 27, 1966, Claimant alleges that Cerrone, as of August 2, 1965, had a balance of $16,445.72 in Account Number 155 and $14,845.76 in Account Number 1576.
The Receiver has reviewed the records maintained at Heritage and found no such accounts listed in the name Luigi Cerrone or Claimant Oreste Sbardella in either 1964 or 1965 and finds an account numbered 1576 to be listed in the name of Ida Faraone.
In addition to the above listed tax return, Claimant also offered in support of his claim a partial copy of a County Loan 
Finance passbook which bears the number 1576 showing the last transaction date as June 15, 1964 which is over one year prior to Cerrone's death. No original passbook was produced for this account nor was the original or a copy of Account Number 155 produced. Also offered in support was a copy of Cerrone's Will, a copy of a "financial folder" inventory list on County Loan and Finance stationary which this Court finds of dubious evidential value, an affidavit of Rocco J. Colafrancesco, a former employee of County Loan and Finance Corporation, dated June 26, 1992, stating that the above inventory was complied by him over thirty years ago in 1959, and copies of 1099 forms for the years 1963 and 1964.
Claimant points to the above documents and maintains that he has met his burden of proving the existence of the Claimed Accounts and that the burden should now be on the Receiver to show that the accounts were paid. The Court disagrees.
When a party makes a claim for funds on deposit, the person so claiming has the burden to establish the existence of the account. On this issue both the Claimant and the Receiver agree. Once that burden is met it would fall to the Bank to show that payment was made.
In the case at bar, Claimant has failed to establish a primafacie case that the accounts existed at any time after Cerrone's death. Claimant has failed to produce any savings passbook for one account and only a partial copy of a passbook for the other. The inventory list on the Estate Tax Return, which references the alleged accounts, is in fact contradicted by Claimant in his deposition of May 29, 1992. The inventory lists the accounts in question to be held jointly between Cerrone and Claimant. However, in his deposition. Claimant states that the accounts were never jointly held and that, in fact, he never read the inventory before signing it. Therefore, Claimant cannot ask this Court to trust an inventory that Claimant himself has stated is incorrect.
Furthermore, Claimant has waited for more than twenty-five years to press this claim for his uncle's accounts. The passage of so long a period has placed hardships on both sides of this dispute. As a result of this delay, witnesses are now deceased and events of recent history have led to record problems at Heritage. It appears that Claimant, based on evidence introduced on his behalf, was making inquires of Heritage regarding these accounts in 1986 but for some reason did not pursue the claim. Responsibility for the delay rests with the Claimant.
After a careful review of the evidence, this Court finds that the Claimant has failed to meet the burden of proof that such accounts were in fact in existence and therefore the claim is denied in its entirety.
Counsel will prepare an order in accordance with this decision.